**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

| | |
|---|---|
| JUAN CASTRO,<br>        Appellant,<br><br>        v.<br><br>DEPARTMENT OF VETERANS<br>    AFFAIRS,<br>        Agency. | DOCKET NUMBER<br>SF-0714-18-0130-I-1<br><br><br>DATE: March 26, 2024 |

# THIS ORDER IS NONPRECEDENTIAL[1]

Ronald P. Ackerman, Esquire, Los Angeles, California, for the appellant.

Eric Lazare, Esquire, San Diego, California, for the agency.

Thomas Davis, Los Angeles, California, for the agency.

**BEFORE**

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman

**REMAND ORDER**

The appellant has filed a petition for review of the initial decision, which sustained his removal under 38 U.S.C. § 714.  Generally, we grant petitions such as this one only in the following circumstances:  the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous

---

[1]  A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law.  Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions.  In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law.  *See* 5 C.F.R. § 1201.117(c).

interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. However, for the reasons discussed below, we VACATE the initial decision and REMAND the case to the regional office for further adjudication in accordance with this Remand Order.

## BACKGROUND

The appellant, formerly a Police Officer with the agency's Long Beach Healthcare System in Long Beach, California, appealed the agency's decision to remove him pursuant to 38 U.S.C. § 714 for the negligent performance of duties in his use of excessive force against a patient and the patient's relative. Initial Appeal File (IAF), Tab 6 at 17-18, 86-92. The agency's removal action rested on a single charge in which the agency alleged that the appellant had kicked the patient multiple times while he was sitting on the floor and punched the patient's relative, which violated agency policies regarding the use of force and the role of an agency Police Officer. *Id.* at 17. After holding the appellant's requested hearing, the administrative judge issued an initial decision sustaining the removal. IAF, Tab 24, Initial Decision (ID). Specifically, the administrative judge found that, although the evidence showed that the appellant had not delivered strikes as forceful as alleged in the agency's charge, the record supported a finding that the appellant had delivered three forceful thrusts to the patient's knee and pushed the patient's relative, and that the appellant's actions

amounted to excessive force, in violation of agency policy. ID at 3-16. The administrative judge found that the appellant had failed to use the degree of care required under the circumstances, and he sustained the charge. ID at 16. The administrative judge also found that 38 U.S.C. § 714 does not require that the agency's action promote the efficiency of the service but nevertheless concluded that the agency's action promoted the efficiency of the service. ID at 16-17. Finally, the administrative judge found that, pursuant to 38 U.S.C. § 714, because the agency's decision was supported by substantial evidence, he was not permitted to mitigate the penalty, and he sustained the removal. ID at 17. The appellant has timely filed a petition for review, and the agency has filed a response. Petition for Review (PFR) File, Tabs 3, 5.

## ANALYSIS

On petition for review, the appellant argues that the administrative judge incorrectly relied on inconsistent witness testimony, erroneous findings of fact, and hearsay to find that the agency proved by substantial evidence that the appellant kicked a patient. PFR File, Tab 3 at 6-12. The Board must give deference to an administrative judge's credibility determinations when they are based, explicitly or implicitly, on the observation of the demeanor of witnesses testifying at a hearing. *Haebe v. Department of Justice*, 288 F.3d 1288, 1301 (Fed. Cir. 2002). Although the Board may decline to defer to an administrative judge's credibility findings that are abbreviated, based on improper considerations, or unsupported by the record, *Redschlag v. Department of the Army*, 89 M.S.P.R. 589, ¶ 13 (2001), it may not overturn an administrative judge's demeanor-based credibility findings merely because it disagrees with those findings, *Purifoy v. Department of Veterans Affairs*, 838 F.3d 1367, 1372 (Fed. Cir. 2016). Our review of the record reflects that the administrative judge made detailed, well-reasoned findings regarding the credibility and consistency of witness testimony that are supported by the record. Additionally, hearsay is

admissible in Board proceedings, and the administrative judge did not abuse his discretion in considering hearsay in assessing the consistency of witness testimony. ID at 12*; see Shannon v. Department of Veterans Affairs*, 121 M.S.P.R. 221, ¶ 15 (2014). We find no basis to disturb the administrative judge's findings of fact or his reasoned assessment of the facts in concluding that the agency proved its charge by substantial evidence. ID at 3-16; *see Clay v. Department of the Army*, 123 M.S.P.R. 245, ¶ 6 (2016) (finding no reason to disturb the administrative judge's findings where she considered the evidence as a whole, drew appropriate inferences, and made reasoned conclusions on the issue of credibility); *Broughton v. Department of Health and Human Services*, 33 M.S.P.R. 357, 359 (1987) (same).

Nevertheless, in light of developments in the case law after the initial decision was issued, we remand this appeal for further adjudication on two issues. First, the record shows that the deciding official sustained the charge under a substantial evidence standard of proof. IAF, Tab 1 at 10; Hearing Transcript at 49 (testimony of the deciding official). This was error. Although the Board reviews a section 714 action by substantial evidence, the agency's deciding official may only sustain the charge if he finds it proven by preponderant evidence. *Rodriguez v. Department of Veterans Affairs*, 8 F.4th 1290, 1298-1300 (Fed. Cir. 2021). We therefore remand this case for adjudication of whether the agency's application of the substantial evidence standard of proof was harmful error. *See Semenov v. Department of Veterans Affairs*, 2023 MSPB 16, ¶¶ 21-25 & n.5.

Second, because the Board is prohibited from mitigating the agency's chosen penalty in a section 714 appeal, the administrative judge declined to review the penalty. ID at 16-17. However, after the initial decision was issued, the U.S. Court of Appeals for the Federal Circuit held that, notwithstanding its lack of mitigation authority, the Board is nevertheless required to review the agency's penalty determination as part of its review of the agency's decision as a

whole. *Connor v. Department of Veterans Affairs*, 8 F.4th 1319, 1323-27 (Fed. Cir. 2021); *Brenner v. Department of Veterans Affairs*, 990 F.3d 1313, 1322-27 (Fed. Cir. 2021); *Sayers v. Department of Veterans Affairs*, 954 F.3d at 1375-79 (Fed. Cir. 2020). Therefore, on remand, the administrative judge should also review the agency's penalty determination according to the standard set forth in *Douglas v. Veterans Administration,* 5 M.S.P.R. 280, 306 (1981). *See Semenov,* 2023 MSPB 16, ¶¶ 44-50.

## ORDER

For the reasons discussed above, we remand this case to the regional office for further adjudication in accordance with this Remand Order. On remand, the administrative judge shall allow the parties to supplement the record with additional evidence and argument on the issues of penalty and harmful error. He shall then issue a new initial decision that addresses these issues. As to whether the agency presented substantial evidence to prove its charge before the Board, the administrative judge may adopt the findings from his previous initial decision, as appropriate.

FOR THE BOARD: _____

*Gina K. Grippando*

Gina K. Grippando
Clerk of the Board

Washington, D.C.